IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN RUBEN WHITE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1159 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 petition challenging his parole revocation. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 9), to which petitioner responded (Docket Entries No. 10, 11).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case as barred by limitations.

### *Background and Claims*

Petitioner was released to parole on December 2, 2004. On April 22, 2009, he was arrested for failing to abide by the terms of his supervised release by committing two new offenses and failing to report to his parole officer. Petitioner admitted he had failed to report to his parole officer, but denied that he had committed any new offenses. He waived his right

to a preliminary hearing and revocation hearing, and, on May 22, 2009, the Texas Board of Pardons and Paroles (the "Board") Board voted to revoke his parole release.

Petitioner subsequently filed three applications for state habeas relief on September 24, 2010, challenging the Board's revocation of his parole. The Texas Court of Criminal Appeals denied habeas relief on November 17, 2010. Petitioner filed the instant federal habeas petition on March 25, 2011, arguing that the Board improperly revoked his parole based on two new criminal charges because he was never actually charged with either of the offenses. (Docket Entry No. 1, pp. 7, 10–11).

Respondent moves for summary judgment, arguing that petitioner's claim is barred by the applicable one-year statute of limitations under 28 U.S.C. § 2244(d).

*Analysis*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

In the instant case, petitioner does not challenge his conviction. 28 U.S.C. § 2244(d)(1)(A). Nor does the claim presented concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, petitioner does not argues, and the record does not reflect, that any unconstitutional "State action" impeded him from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Thus, the statute of limitations for petitioner's parole revocation claim began to run on the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Here, the statute of limitations began to run on May 22, 2009, the date petitioner's parole was revoked. In the exercise of due diligence, petitioner could have discovered the

factual predicate of his claim as of that date. 28 U.S.C. § 2244(d)(1)(D). Absent tolling, limitations expired one year later, on May 22, 2010. 28 U.S.C. §§ 2244(d)(1)(D), (2).

Limitations is tolled under the statute during the pendency of a properly filed application for state habeas relief. *Id.*, § 2244(d)(2). However, an application for state habeas relief filed *after* expiration of the federal limitation has no tolling effect. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Because petitioner's state habeas application was filed on September 24, 2010, it was filed four months after expiration of limitations and provided no tolling effect. As no statutory tolling applied, the statute of limitations expired on May 22, 2010, and petitioner's federal petition, filed March 25, 2011, was over ten months late.

In his response to the motion for summary judgment, petitioner argues that his claims are not barred by limitations because (1) "there is no statute of limitations on being able to prove one's (my) innocence" (Docket Entry No. 11, p. 5); (2) he is entitled to equitable tolling; and (3) his earlier set of state habeas applications tolled limitations. Petitioner's first argument is wrong; his claims in the instant petition are subject to the AEDPA one-year statute of limitations. As to his second argument, petitioner's allegations of being incarcerated, indigent, and *pro se* are not "rare and exceptional circumstances" entitling him to equitable tolling. *See Larry v. Dretke*, 361 F.3d 890, 896–97 (5th Cir. 2004); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Under his third argument, petitioner claims that an earlier set of state habeas applications – filed on January 20, 2010, and denied on April

4

20, 2011 – tolled limitations. However, as correctly noted by respondent, these earlier habeas proceedings were time calculation challenges unrelated to petitioner's parole revocation, and did not act to toll limitations during their pendency.

Petitioner's federal habeas petition was untimely filed and must be dismissed as barred by limitations.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 9) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on October 28, 2011.

_____
Gray H. Miller
United States District Judge